PEOPLE'S MILK CO. v. DOTY.

(Supreme Court, Special Term, Erie County.   September, 1909.)

TRADE-MARKS AND TRADE-NAMES (§ 50*)--UNLAWFUL USE OF TRADE-MARKS—
EVIDENCE—QUESTION FOR JURY.
      In an action for.the penalty for the unlawful use by defendant of a milk bottle with plaintiff's trade-mark, evidence *held* to require the submission to the jury of the issues whether the bottle used by defendant had plaintiff's trade-mark and whether plaintiff had given defendant permission to use the same.
      [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 50.*]

Appeal from Municipal Court of Buffalo.

Action by the People's Milk Company against John W. Doty.   From a. judgment for plaintiff, rendered by the Municipal Court of the City of · Buffalo, defendant appeals.   New trial ordered.

---

-*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank Harding, for appellant.

Moses T. Day, for respondent.

BROWN, J. The possession by defendant of a milk bottle with plaintiff's trade-mark upon it, without plaintiff's consent, is made presumptive evidence by statute of unlawful use of such milk bottle, and subjects defendant to a forfeiture of $100. Plaintiff had two trade-marks for its milk bottles. Plaintiff's witness said he knew those trade-marks; that one of those trade-marks was on a bottle taken from defendant's possession—he did not remember which trade-mark. On cross-examination the witness said it was the trade-mark with the large "P"; that it was his impression that it was the large "P." He, would not swear positively that it was the trade-mark with the large "P," but did swear positively that it was one or the other of plaintiff's trade-marks. The secretary of plaintiff testified that he did not know anything about any permission being given by the plaintiff to anybody to use these bottles; not to his knowledge was there any such permission; that he kept minutes of meetings of the directors and stockholders, and that he had never seen such permission in any minutes. The jury, upon announcing to the trial court their disagreement, were directed to render a verdict for the plaintiff of $100.

Defendant upon this appeal urges that the trial court erred in such direction of a verdict, and that he was entitled to a decision of a jury. If the witness was unable to clearly state which trade-mark was on the bottle in question, does it necessarily follow that his statement that one of them was on the bottle must be accepted? Might not men of ordinary judgment and discretion differ as to the significance of the failure of such witness to clearly identify the trade-mark? If the witness had been unable to identify which one of a dozen trade-marks was on the bottle, yet stated it was one of a dozen, would there be any doubt that the question whether there was one of the dozen trade-marks on the bottle was exclusively for a jury. If the secretary of plaintiff did not know of any permission being given to use the bottle, is that proof so conclusive that it can be said that it was established to the satisfaction of discreet, reasonable men that the corporation, or one of its officers conducting its affairs, never gave such permission? If a conclusion either way upon these two propositions should not shock the sense of a reasonable man, then the question was for a jury. A jury with propriety might say that upon such evidence plaintiff could not recover a penalty of $100.

New trial ordered in Municipal Court October 5, 1909, at 10 a. m.; cost to abide event.